UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD TURNER,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

Case No. 17-cv-02265-WHO

**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

Re: Dkt. No. 60

    Plaintiff Ronald Turner alleges that after he met with defendant Dr. Tracie Rivera at a Veterans Clinic, Dr. Rivera negligently disclosed confidential medical information, causing worsening of plaintiff's medical condition, loss of employment, and humiliation. He brings suit against Dr. Rivera and her presumed employer, Locumtenens.com, LLC ("Locumtenens"), for medical malpractice, and against the United States Department of Veterans Affairs under the Federal Tort Claims Act ("FTCA"). He now moves for leave to file a second amended complaint in order to add LT Medical, LLC ("LT Medical") as a party to the action.

    Turner contends that LT Medical is a related entity to Locumtenens, but he did not learn of LT Medical's existence or the relationship until Locumtenens disclosed that LT Medical held a contract with Dr. Rivera during a meet and confer on March 15, 2018. Turner Decl. [Dkt. No. 61] ¶ 1. The contract between LT Medical and Dr. Rivera produced in discovery on March 19, 2018 revealed that LT Medical held an agreement with Locumtenens, which in turn contracted with San Francisco Veterans Affairs. Turner Decl. Ex. A ("Services Agreement"). The Services Agreement also provides, in a section labeled "Independent Contractor":

> It is mutually understood and agreed that in the conduct of your business of providing professional medical services you shall at all times be acting and performing as an independent contractor of LT Medical, and neither LT

> Medical nor any of its affiliates, including LocumTenens.com, LLC, shall have or exercise any control or direction over the method or manner by which you perform your professional medical services. Nothing in this Services Agreement or your relationship with LT Medical or any of its affiliates, including LocumTenens.com, LLC, is intended to constitute or be construed to create an employer/employee relationship, or a partnership, joint venture, or equity interest with you.

Services Agreement at LT - 000003.

Federal Rule of Civil Procedure 15(a) governs amended pleadings and provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should grant leave "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Turner moves to add LT Medical on the grounds that it is likely the actual employer of Dr. Rivera, and therefore may bear liability in this action. While the United States Department of Veterans Affairs does not oppose Turner's motion, *see* Dkt. No. 64, Dr. Rivera and Locumtenens do on futility grounds. They argue that the plain language of the Services Agreement establishes that Dr. Rivera was an independent contractor and not an employee of either LT Medical or Locumtenens, and therefore neither party may be held liable for her actions.

Under California law, "[t]he determination of employee or independent-contractor status is one of fact." *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349 (1989). Only where the evidence or inferences are undisputed does "the question become[] one of law." *Id.*; *see also O'Connor v. Uber Techs., Inc.*, 82 F. Supp. 3d 1133, 1148 (N.D. Cal. 2015) (both California and Ninth Circuit law "establish[] that a hiree's status as either an employee or independent contractor should typically be determined by a jury, and not the judge"). While the Services Agreement is certainly relevant to the question of whether Dr. Rivera was an independent contractor, it in and of itself is not definitive. *See Borello*, 48 Cal. 3d at 349 ("The label placed by the parties on their relationship is not dispositive, and subterfuges are not countenanced."); *Uber*, 82 F. Supp. 3d at 1153 (noting that agreement between parties "stating no employment relationship [wa]s created" was not dispositive and denying summary judgment).

Instead, the California Supreme Court requires courts to consider "a number of indicia of an employment relationship," *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010), including the amount of control retained by the hirer, the right to discharge at will without cause, the type of occupation and skill required, whether the principal or worker supplies the workplace and tools, the length of time of the relationship, the method of payment, and a number of other factors. *See Borello*, 48 Cal. 3d at 350–51. Given the fact-intensive nature of this inquiry, as well as the early stage of the proceedings, it would be inappropriate for me to make this determination at this time. Turner is entitled to discovery on these issues, which he has diligently requested from defendants. *See* Turner Decl. ¶ 2. Because discovery may reveal new facts regarding the nature of Dr. Rivera's relationship with LT Medical and/or Locumtenens, Turner's proposed amendment would not be futile and I therefore GRANT his motion to amend the pleadings to add LT Medical as a party.

**IT IS SO ORDERED.**

Dated: May 18, 2018

William H. Orrick
United States District Judge