| | |
|---|---|
| Your Name: | Ronald Turner |
| Address: | 865 Elizabeth Barcus Way   Fortuna, CA  95540 |
| Phone Number: | (707) 682-6017 |
| Fax Number: | (707) 682-6017 |
| E-mail Address: | solaris16@aol.com |

Pro Se Plaintiff

**FILED**
JUN 13 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# United States District Court
## Northern District of California

| | |
|---|---|
| Ronald Turner | Case Number: *[leave blank]* 17-cv-02265-WHO |
| Plaintiff(s), | **COMPLAINT** |
| vs. | Second Amendment |
| United States | |
| Locumtenens.com, LLC | DEMAND FOR JURY TRIAL |
| Tracie Rivera | Yes ■  No ☐ |
| LT Medical, LLC | |
| Defendant(s). | |

1. **Parties in this Complaint**

    a. **Plaintiff(s).** *Write your name, address, and phone number. If there are other plaintiffs, use more pages to include their names, addresses, and phone numbers.*

    Name: Ronald Turner
    Address: 865 Elizabeth Barcus Way
    Fortuna, CA  95540
    Phone number: (707) 682-6017

COMPLAINT
PAGE 1 OF 7  [JDC TEMPLATE]

rev: 6/2013

b. **Defendant(s).** *Write the full name and address of every defendant. If the defendant is a corporation, write the state where it is incorporated and the state where it has its main place of business. Use more pages if you need to.*

**Defendant 1:**
Name: United States of America
Address: 450 Golden Gate Avenue   P.O. Box 36055
San Francisco, CA 94102

**Defendant 2:**
Name: Locumtenens.Com, LLC
Address: 2655 Northwinds Parkway
Alpharetta, GA 30009

**Defendant 3:**
Name: Tracie B. Rivera
Address: 376 Kenmore Drive
Danville, WV 25053

**Defendant 4:**
Name: LT Medical, LLC
Address: 2655 Northwinds Parkway
Alpharetta, GA 30009

2. **Jurisdiction**

*Usually, only two types of cases can be filed in federal court: cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*

[✓]   My case belongs in federal court under federal question jurisdiction because it is about federal law(s) or right(s).
Which law(s) or right(s) are involved? Federal Tort Claims Act 28 U.S.C. 1346(b)
California Medical Malpractice Statute (CIV 1714)

[ ]   My case belongs in federal court under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants AND the amount of damages is more than $75,000.

COMPLAINT
PAGE 2 OF 7 [JDC TEMPLATE]

rev: 6/2013

3. **Venue**

This Court can hear cases arising out of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, and Sonoma counties. This is the right court to file your lawsuit if 1) All defendants live in California AND at least one of the defendants lives in this district; OR 2) A substantial part of the events you are suing about happened in this district; OR 3) A substantial part of the property that you are suing about is located in this district; OR 4) You are suing the U.S. government or a federal agency or official in their official capacities and you live in this district. Explain why this district court is the proper location to file your lawsuit.

Venue is appropriate in this Court because Suit is against the Federal Government and the event occurred in the county of Humboldt in Eureka, CA.

4. **Intradistrict Assignment**

There are three divisions of this Court: San Francisco/Oakland, San Jose, and Eureka. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge. Explain which division your case should be assigned.

This lawsuit should be assigned to [*Select one: San Francisco/Oakland, San Jose, OR Eureka*] Division of this Court because San Francisco/Oakland. This must be filed here because it cannot be filed in Eureka, CA.

5. **Statement of Facts and Claims**

Write a short and simple description of the <u>facts</u> of your case. Include WHERE and WHEN the events happened, WHO was involved, WHAT role each defendant played, and HOW you were harmed. If you know which laws or rights the defendant violated, you can include them, but you do not need to make legal arguments. Put each fact or claim into a separate, numbered

COMPLAINT
PAGE 3 OF 7 [JDC TEMPLATE]

rev: 6/2013

*paragraph, starting with 5a, 5b, and so on. Attach additional sheets of paper as necessary. You may attach documents that support your claims to the end of this Complaint as exhibits. Explain what each exhibit is, when and how you got it, and how it supports your claims. Attaching a document to your Complaint does not necessarily mean that it will be accepted as evidence.*

(5a) On May 5, 2014, I went to the Veteran's Resource Center in Eureka, California and met with Andrew McLaughlin, my Veterans Counselor. I was experiencing hightened anxiety and difficulty coping and it was their policy to see veterans without an appointment in these cases. He asked me questions, including "Do you have thoughts of hurting anyone" and "If you were to hurt someone, how would you do it". I assured him that I wouldn't hurt anyone and that I was well aware of the consequences of causing someone harm. He presisted, indicating that if I were not honest with him, he could not help me. I was in crisis at the time and desperately wanted his help, so I responded that if I were going to hurt someone, it would be my supervisor. At his urging, I devised a senario on how I thought I would do it. I reiterated to him that I would not harm anyone. Andrew brought in his supervisor, Deborah Reeves and after further discussion, a crisis plan was developed. It was also suggested that I contact the Eureka Veterans Clinic and meet with the new Psychiatrist. The old one had retired many months earlier and they were getting someone in on a temporary basis until a permanent one could be hired.

(5b) I met with Dr. Tracie Rivera on May 14, 2014 at the Veteran's clinic in Eureka, CA. I explained what had been happened and that I was following a crisis plan and had gotten a letter from my primary care professional that allowed me to be off on sick leave. I explained that I was much better and I had continued to meet with my counselor. I also reiterated that I had no desire or intent to harm anyone. I was calm throughout the appointment and at the conclusion of the meeting, I returned home. At no time was there any indication that Dr. Rivera was not an employee of the Veterans Administration.

COMPLAINT
PAGE 4 OF 7  [JDC TEMPLATE]

rev: 6/2013

(5c)   On May 15, 2014, I received a phone call at my home in Fortuna, CA from Dr. Rivera indicating that after further deliberation with the treatment team at the Eureka Clinic that it was decided that they would need to warn the appropriate entities about my harmful thoughts. She also indicates that she spoke to the legal team in San Francisco, Janice Bressler, and determined that it "was best to err on the side of caution". With the legal department's confirmation of the protocol, she then made the first two disclosures, one to the William VanAuken, my supervisor at the time and to the Redding Police Department. It is very likely that the treatment team and the legal team referred to were, or still are, Veteran Administration employees.

(5d)   In the same day, Dr. Rivera contacting the Redding Police Department and informed Officer Devin Ketel that I threatened to murder my supervisor. Officer Ketel then met with my supervisor William VanAuken, Forest Supervisor Dave Myers, Forest Service Special Agent Ryan Harvey and Forest Service employee Al Olson, where it was explained that a call had been received from a psychiatrist (Dr. Tracie Rivera, Veterans Administration, Eureka, CA). Subsequent meetings were then held with my co-workers in both Redding, CA and Eureka, CA informing them that I had made threats. Ultimately, my employment was terminated.

(5e)   In a declaration made Mr. Ryan Harvey under penalty of pejury that was submitted to to the Superior Court in Redding, CA , he declares that he read the police report prepared by Redding Police Officer Ketel and that Dr. Rivera made the statement "That's exactly what I said". She further detailed what she believed my motivation was and talked about my demenor in the May 14, 2014 medical appointment. She again informed Mr. Harvey that she had discussed the matter with the Veterans Affairs legal department before reporting the threat.

COMPLAINT
PAGE 5 OF 7 [JDC TEMPLATE]

rev: 6/2013

*Insert this page as needed to continue the facts or argument section, or to write an introduction.*

(5f) The employment relationship between Dr. Rivera the Federal Defendant and the Individual Defendants is not clear. The Federal Defendant claims Dr. Rivera is an employee of Locumtenens.com., LLC (Locumtenens) and, thus it bears no liability and Locumtenens has taken the position that she was actually a sub-contractor of LT Medical, LLC, a Locumtenens affiliate. Each points to the wording in contracts that were not shared with me at the time of my visit or for years after the negligent acts first occurred. It is the Plaintiff's position that Dr. Rivera is possibly an agent or employee of one or more of the defendants. In order to determine the substance of the relationships that existed, Plaintiff adds LT Medical, LLC to the complaint.

Dr. Rivera's employment relationship is critical in this case because it bears on the issue of liability for damages suffered by me. Defendant Locumtenens points to the plain wording of the contract to support it's position that Dr. Rivera is a contractor of a contractor, but this language is not definitive. The actual relationship that existed governs the status of the worker performing services, and the language of the contract cited by Locumtenens is not consistent with the contract cited by the Federal Defendant. A robust discovery that will allow me to determine the substance of the relationship requires that all parties that were involved in bringing Dr. Rivera to the VA facility in Eureka also become parties to this complaint. It is plaintiff's position that an employee and/or agency relationship existed and the ability to secure the facts that govern these relationships will allow me to determine the extent that each is responsible for the losses incurred by the improper disclosure of my medical information.

### 6. Demand for Relief

*State what you want the Court to do for you. For example, depending on which claims you raise, it may be appropriate to ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount.*

Judgement is requested against the defendants as follows:

1. Actual damages associated with the loss of wages and benefits, attorney fees, travel cost.
2. Actual and future medical expenses and related travel cost for Mental Health Care outside of Veterans Administration.
3. Mental anguish and emotional distress
4. Any other and further relief the Court deems just and proper.

### 7. Demand for Jury Trial

*Check this box if you want your case to be decided by a jury, instead of a judge.*

[✓]   Plaintiff demands a jury trial on all issues.

*All plaintiffs must sign, date, and print their names at the end of the Complaint. Attach another page if you need to.*

Respectfully submitted,

Date: June 13, 2018   Sign Name: /s/ Ronald Turner

Print Name: Ronald Turner

COMPLAINT
PAGE 7 OF 7   [JDC TEMPLATE]

rev: 6/2013