UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>        Defendants. | Case No. 17-cv-02265-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 116 |

Defendants have filed a Motion for Leave to File Motion for Reconsideration pursuant to Local Rule 7-9(b)(3), or in the alternative, a Motion to Certify Order for Interlocutory Appeal pursuant to 28 U.S.C. ¶ 1292(b). Defendants argue that I misapplied *Ewing v. Northridge Hospital Medical Ctr.*, 120 Cal.App.4th 1289 (2004) in my order denying defendants' motion for summary judgment. [Dkt. No. 113].

Civil Local Rule 7-9(a) provides, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." A motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Defendants rely on the third basis for permitting a motion for reconsideration, arguing that the facts in *Ewing* are distinguishable and that I have also misapplied the law as articulated in Ewing. They cite no cases on point in support of their position. While the facts in *Ewing* are different than those here, that does not change the application of the legal principle that "[t]he mind-set of a therapist can be evaluated by resort to common knowledge without the aid of expert testimony" since such testimony is not essential for determination of an obvious fact and"[w]hether the duty to warn arises is a question of fact, not law." 120 Cal.App.4th at 1303-04. The factual dispute here is whether Mr. Turner communicated a serious threat of physical violence against a reasonably identifiable victim. Immunity under California Civil Code section 43.92(b) arises only when such a threat has been made. Defendants have failed to meet their burden for reconsideration under the Civil Local Rules. I DENY their motion for leave to file a motion for reconsideration.

With regards to defendants' alternative motion to certify the order for interlocutory appeal, the final judgment rule holds that courts of appeals may review only final decisions of district courts. 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . ."). A limited exception to the final judgment rule is found in 28 U.S.C. § 1292(b), which invests in the district court the discretion to certify an order for interlocutory appeal in any civil action if: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The party seeking the certification order has the burden of demonstrating that the statutory requirements are met and/or that certification is otherwise justified in the exercise of the Court's discretion. *Fukuda v. County of Los Angeles*, 630 F.Supp. 228, 299 (C.D. Cal. 1986).

This case is set for trial on January 28, 2019. The trial would be substantially delayed by an interlocutory appeal. Moreover, further proceedings may moot the issue raised by defendants: the scope of expert testimony may be considered at the Pre-trial conference, and defendants may prevail at trial. In any event they will not lose their opportunity to present it to the Ninth Circuit if

they do not prevail. This is not an appropriate case for interlocutory appeal. I DENY the motion for certification of an interlocutory appeal.

**IT IS SO ORDERED.**

Dated: October 29, 2018



William H. Orrick
United States District Judge