UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>    Defendants. | Case No. 17-cv-02265-WHO<br><br>**ORDER PROVIDING FURTHER CLARIFICATION IN ADVANCE OF PRETRIAL CONFERENCE**<br><br>Re: Dkt. Nos. 121, 122 |

On December 10, 2018, I issued an order providing clarification in advance of Pretrial Conference to reiterate that the Pretrial Conference remains set for January 7, 2019, that I had not stayed the case, and that no party had otherwise sought a stay or shown that a stay was in place. [Dkt. 120]. The next day, defendants sent a letter to me arguing that this case is stayed because the Ninth Circuit had accepted their interlocutory appeal in this matter and scheduled briefing based on the immunity set forth in California Civil Code § 43.92(b). [Dkt. No. 121]. They contend (without any direct authority) that their appeal is not frivolous because denial of state law immunity is appealable in the same manner as denial of qualified immunity for government officials, that I am therefore divested of jurisdiction to proceed with trial, and a motion to stay would be redundant. *Id.* Plaintiff Ronald Turner submitted a letter in opposition. [Dkt. No. 122].

Defendants put the cart before the horse; their appeal is frivolous. Qualified immunity does not apply because the immunity involves private, not governmental, actors, and the collateral order doctrine does not apply. Moreover, I have not denied immunity in this case. There is a disputed issue of material fact that must be determined before questions of immunity may be reached. As I have already explained twice (in my order denying summary judgment [Dkt. No 113] and in my order denying motion for leave to file motion for reconsideration and denying

United States District Court
Northern District of California

motion to certify order for interlocutory appeal [Dkt. No. 118]), under California Civil Code § 43.92(b) immunity does not attach until the factfinder has been persuaded that the psychotherapist actually believed or predicted that the patient posed a serious risk of inflicting grave bodily injury upon a reasonably identifiable victim. *See Ewing v. Northridge Hospital Medical Ctr.*, 120 Cal. App. 4th 1289, 1303-04 (2004). In my order denying summary judgment, I found that there was a material dispute of fact over whether Dr. Rivera had a duty to warn Turner's employer and law enforcement. As no factfinder has made a finding as to this disputed material fact, determinations of immunity are premature.

Ordinarily, a denial of a motion for summary judgment is not a final order and is therefore not appealable. *Jones–Hamilton Co. v. Beazer Materials & Servs.*, 973 F.2d 688, 693–694 (9th Cir. 1992). The collateral order doctrine provides a narrow exception.[1] "[A] decision of a district court is appealable if it falls within that small class which finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. *Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1264–65 (9th Cir. 2010) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 524–25, (1985) (internal quotation marks omitted). But the collateral order doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (internal citations and quotation marks omitted). "The justification for immediate appeal must therefore be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Id.*

Under the collateral order doctrine, a party may appeal from an order that: (1) "conclusively determine[s] the disputed question"; (2) "resolve[s] an important issue completely separate from the merits of the action"; and (3) would effectively be "unreviewable on appeal

---

[1] In California state court, the collateral order doctrine is limited to situations where a trial judge orders either payment of money or the performance of some act. *Samuel v. Stevedoring Servs.*, 24 Cal. App. 4th 414, 418 (1994) (collecting cases) (finding that in California courts, the collateral order doctrine does not apply to the denial of a dismissal motion based upon the existence of an immunity).

2

from a final judgment." *Id.* (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Appellate courts accept interlocutory appeals under the collateral order doctrine where the issue is a sovereign's absolute immunity from suit and where qualified immunity is at issue. *Id.* (citing *Paine v. City of Lompoc*, 265 F.3d 975, 980–81 (9th Cir. 2001) ("As a general matter, appeals from denials on summary judgment of claims of absolute immunity come within the collateral issue doctrine"); *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000) ("Although the denial of a summary judgment motion is not ordinarily an appealable order, this court has jurisdiction to consider an interlocutory appeal where the ground for the motion in question is qualified immunity")). Yet even the availability of an interlocutory appeal from a denial of qualified immunity is "limited to the purely legal question of immunity." *Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.*, 605 F.3d 703, 707 (9th Cir. 2010). "[W]here the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction." *Id.* (internal citations and quotation marks omitted).

Defendants attempt to analogize this case to ones involving qualified immunity for law enforcement officers. *See e.g. Sharp v. Cty. of Orange*, 871 F.3d 901 (9th Cir. 2017) (sheriff deputies); *Liberal v. Estrada*, 632 F.3d 1064, 1080 (9th Cir. 2011) (police officers); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (law enforcement officers from multiple agencies); *Estate of Anastacio Hernandez-Rojas v. United States*, No. 11CV522 L (DHB), 2015 WL 9592533, at *2 (S.D. Cal. Dec. 31, 2015) (border patrol); *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 990, 996 (C.D. Cal. 2014) (sheriff deputies). This argument is wrong on two levels.

First, immunity for psychiatrists under California Civil Code § 43.92(b) is not subject to the same analysis as that applied to government officials under the doctrine of qualified immunity. As the Supreme Court explained in *Mitchell*, the "conception animating the qualified immunity doctrine . . . is that where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequences." 472 U.S. at 525–26 (internal citation and quotation marks omitted). Qualified immunity is not meant to simply limit liability for money damages for private individuals but to forego "the general costs of subjecting officials to the risks

3

of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* (internal citation and quotation marks omitted). Under qualified immunity "even such pretrial matters as discovery are to be avoided if possible, as [i]nquiries of this kind can be peculiarly disruptive of effective government." *Id.* (internal citation and quotation marks omitted). Suffice it to say, the defendants are not government officials. California Civil Code § 43.92(b) applies only to psychotherapists, not government officials, and so it does not implicate the same concerns that animate qualified immunity.[2]

Second, denial of summary judgment in this case was based on a material dispute of fact. My order is not appealable under the collateral order doctrine in any event. *Johnson v. Jones*, 515 U.S. 304, 313 (1995) (district court's denial of summary judgment due to a genuine issue of fact was not a "final decision" and not appealable under the collateral order doctrine).

Defendants' argument is frivolous. As I stated in the Order Providing Clarification In Advance Of Pretrial Conference, the Pretrial Conference remains set for January 7, 2019 at 2:00 P.M. I expect compliance with the Civil Pre-trial Order.

**IT IS SO ORDERED.**

Dated: December 17, 2018

William H. Orrick
United States District Judge

---

[2] Civil Code section 43.92 seeks to "strike an appropriate balance between conflicting policy interests" with "the need to preserve a [patient's] confidence" against "the recognition that, under limited circumstances, preserving a confidence is less important than protecting the safety of someone whom the patient intends to harm." *Ewing v. Goldstein*, 120 Cal. App. 4th 807, 816 (2004).