UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>    Defendants. | Case No. 17-cv-02265-WHO<br><br>**ORDER TO SHOW CAUSE RE: SANCTIONS** |

During the testimony of defendant Dr. Rivera on March 6, 2019, it became clear that she had failed to meet her obligations to search for documents in her possession, custody, or control and to produce those documents if they existed, including notes that became a centerpiece of her testimony. Dr. Rivera and her counsel, Mitchell, Brisso, Delaney & Vrieze, LLP, are ORDERED TO SHOW CAUSE why they should not be sanctioned in accordance with Federal Rule of Civil Procedure 26 (a)(1)(A)(i) and (ii), and (g)(3). The parties shall follow the procedure below.

Within seven days of the verdict being rendered in this court, Dr. Rivera shall:

1. Search for the "process notes" she discussed at length in her testimony that she has not produced, as well as all documents that are responsive to Plaintiff's Requests for Production of Documents (Trial Exhibit 28), whether or not she considers them her "private copies" or thinks they are duplicative of other documents produced by another party.

2. File a declaration under penalty of perjury that:
   a. Attaches all of the documents she has located.
   b. Explains where she searched, why she searched there, and what explanation she has for documents she knows were in her possession, custody, or control at one

1                         time but cannot locate now.

            c. States the first date on which she discussed having taken the "process notes" with her counsel and who that conversation was with.

            d. Attaches all written communications with her counsel that discuss her discovery obligations, including at the time of the initial disclosure and in responding to the Request for Production. At her choice, these communications may be redacted to protect attorney-client information or lodged with the court and not shared with counsel for Mr. Turner.

Within seven days of the verdict being rendered in this court, Ms. Delaney shall:

1. File a declaration under penalty of perjury that:

            a. Details the communications she and her firm had with Dr. Rivera regarding her discovery obligations.

            b. Attaches all written communications to and from Dr. Rivera that discuss her discovery obligations, including at the time of the initial disclosure and in responding to the Request for Production. These communications may be redacted to protect attorney-client information other than the discussion of Dr. Rivera's discovery obligations or lodged with the court and not shared with counsel for Mr. Turner.

            c. States the first date on which she learned that Dr. Rivera had taken the "process notes" in question; if she is not the first person from her firm who discussed the notes with Dr. Rivera, she shall obtain a declaration from that person and file it contemporaneously with her declaration.

Within seven days of the verdict, counsel for Dr. Rivera and Mitchell, Brisso, Delaney & Vrieze, LLP, may also file a memorandum explaining why sanctions are inappropriate in this case.

Seven days thereafter, counsel for Mr. Turner may, but need not, file a memorandum and any declarations identifying any matters of concern. If counsel for Mr. Turner makes such a filing, counsel for Dr. Rivera and Mitchell, Brisso, Delaney & Vrieze, LLP may file a reply seven days later.

If needed, I will set a hearing (probably to coincide with any post-trial motions) after reviewing the written materials.

**IT IS SO ORDERED.**

Dated: March 8, 2019



William H. Orrick
United States District Judge